**UNITED STATES of America ex rel., Diane P. GILES, Plaintiff— Appellant,**

v.

**James E. PRATT; et al., Defendants— Appellees,**

and

**Lyle Sardie; et al., Defendants.**

No. 01–55322.

D.C. No. CV–96–02002–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

## MEMORANDUM**

Diane P. Giles appeals pro se the district court's order granting default judgment in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Giles' request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

her *qui tam* action brought pursuant to the False Claims Act and the district court's subsequent order denying her motion for reconsideration. She challenges the district court's failure to hold an evidentiary hearing and failure to award damages against the defaulting defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a grant of default judgment. *See Draper v. Coombs,* 792 F.2d 915, 924–25 (9th Cir. 1986). We vacate the district court's order granting entry of default judgment and remand for determination of appropriate damages.

The district court correctly held that, under the False Claims Act, damages should be determined according to the actual loss suffered by the United States as a result of false claims and not according to the total cost of a contract that may have included fraudulent claims. *See United States v. Bornstein,* 423 U.S. 303, 317 n. 13, 96 S.Ct. 523, 46 L.Ed.2d 514 (1976).

The district court abused its discretion by refusing to conduct a hearing or take evidence on the amount of damages prior to determining that zero damages was appropriate. *See Davis v. Fendler,* 650 F.2d 1154, 1161 (9th Cir.1981).

The district court acted within its discretion when it awarded penalties of $10,000 per defendant, after determining that false claims submitted by each defendant related to a single "project" per defendant. *See United States ex rel. Marcus v. Hess,* 317 U.S. 537, 552, 63 S.Ct. 379, 87 L.Ed. 443 (1943).

We remand to the district court to permit Giles to submit evidence relevant to determination of appropriate damages.

**VACATED and REMANDED.**